UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHIVA WORLDWIDE D/B/A GUEST MOTEL, § § § Plaintiff, § § v. § § GREAT LAKES REINSURANCE (U.K.) § PLC, § § Defendant. § § § | CIVIL ACTION NO. 10-cv-3867 |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant's Motion for Partial Summary Judgment (Doc. No. 12). Upon considering the motion, all responses thereto, and the applicable law, the Court finds that Defendant's Motion for Partial Summary Judgment must be denied.

### I.   BACKGROUND[1]

In November 2007, Great Lakes Reinsurance (U.K.) PLC ("Defendant" or "Great Lakes") issued to Plaintiff Shiva Worldwide D/B/A/ Guest Motel ("Plaintiff" or "Shiva Worldwide") a commercial property insurance policy, set to expire in November 2008. Shiva Worldwide asserts that on September 13, 2008, Hurricane Ike caused damage to Shiva Worldwide's physical property. In October 2008, Shiva Worldwide filed a claim with Great

---

[1] These undisputed facts are drawn from the record.

1

Lakes seeking recovery for its losses. In May 2009, Shiva Worldwide notified Great Lakes of its intent to file suit if its payment demands were not met.

On September 13, 2010, Shiva Worldwide filed its Original Petition in state court, seeking recovery against Great Lakes for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. The case was removed to this Court on October 18, 2010. In its Motion for Partial Summary Judgment (Doc. No. 12), Great Lakes moves for summary judgment on Plaintiff's claims under the Texas Insurance Code and for breach of the duty of good faith and fair dealing.

## II.     LEGAL STANDARD

A motion for summary judgment requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. FED. R. CIV. P. 56(c).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party.  *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1074 (5th Cir. 1997). If the movant meets this burden, then the nonmovant is required to go beyond its pleadings and designate, by competent summary judgment evidence, the specific facts showing that there is a genuine issue for trial. *Id.* The Court views all evidence

in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id*. Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. F.R.C.P. 56(e)(1); *See, e.g.*, *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996), *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1975 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts.'" (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

### III.  ANALYSIS

Defendant asks the Court to find that Plaintiff's failure to designate an expert witness is fatal to Plaintiff's claims under the Texas Insurance Code and for breach of the duty of good faith and fair dealing. Plaintiff does not dispute Defendant's contention that the time for discovery and expert designation has passed, but instead argues that expert testimony is not required on either of the claims at issue.

Defendant argues that expert testimony is required in cases where (1) the plaintiff must establish both a standard of care and breach, and (2) the issues involved are beyond the ordinary knowledge and experience of a lay juror. In seeking to apply that proposition here, Defendant cites inapposite authority, primarily referring to cases in other contexts.[2] The one case Defendant cites in the insurance context does not hold that expert testimony is required.[3] Defendant's

---

[2] *See* Doc. No. 16 ¶ 4 (citing *Prindle v. United States*, 201 1 WL 1869795, at *2 (N.D. Tex., May 13, 2011) (medical malpractice case); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex. 2006) (design defects case); *Ethicon Endo-Surgery, Inc. v. Gillies*, 343 S.W.3d 205, 211 (Tex. App.-Dallas 2011, no pet. hist.) (design defect case); *Ethicon Endo-Surgery, Inc. v. Gillies*, 343 S.W.3d 205, 211 (Tex. App.-Dallas 2011, no pet. hist.) (marketing defects case)).

[3] *Id.* (citing *Royal Maccabees Life Ins. Co. v. James*, 146 S.W.3d 340, 353-54 (Tex. App.-Dallas 2005, pet. denied) (insurance case holding that the trial court's admission of expert testimony was not error)).

failure to cite a single case finding that expert testimony is required in the insurance context may be telling, and the Court ultimately concludes that summary judgment must be denied.

### A. Texas Insurance Code

Great Lakes urges the Court to grant summary judgment on Shiva Worldwide's claims under the Texas Insurance Code on the basis that Shiva Worldwide cannot prove all aspects of these claims without expert testimony.

The Texas Insurance Code outlines the standards that juries are to apply when considering whether an insurer's actions were unfair or deceptive. For example, § 541.051 of the statute provides that "it is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance" to, among other proscribed acts, "make, issue, or circulate or cause to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting…the terms of the policy." Tex. Ins. Code § 541.051(1)(A). Section 541.060 provides that it is an unfair or deceptive act or practice in the business of insurance to engage in the following settlement practices:

> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
>> (A) a claim with respect to which the insurer's liability has become reasonably clear
>
>   …
> (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
> (4) failing within a reasonable time to:

4

>> (A) affirm or deny coverage of a claim to a policyholder; or
>>
>> (B) submit a reservation of rights to a policyholder;
>>
>> …
>>
>> (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim . . . .

Tex. Ins. Code § 541.060. By specifying proscribed conduct, these portions of the statute provide sufficient guidance to allow juries to determine whether an insurer's conduct violates the Texas Insurance Code.[4]  Expert testimony is not necessary to aid a jury in considering claims As to Plaintiff's claims under the Texas Insurance Code, Great Lakes' Motion for Partial Summary Judgment must be denied.

## B. Breach of Duty of Good Faith and Fair Dealing

Great Lakes also seeks summary judgment on Plaintiff's claim for breach of the duty of good faith and fair dealing. Under Texas law, insurers have a common law duty to deal fairly and in good faith with insureds in the processing and payment of claims. *Republic Insurance Company v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995). In order to prevail on a claim for breach of the duty of good faith and fair dealing in the insurance context, a plaintiff must establish (1) that the insurer had no reasonable basis for denying or delaying payment of a claim, and (2) that it knew or should have known that fact. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56, 64 (Tex. 1997).

Defendant argues that the only means by which Plaintiff can establish the standard of an ordinary insurer is to present expert testimony regarding industry standards and practices among

---

[4] The Court reaches this conclusion only in a hypothetical sense; that is, as no evidence has been submitted, and because the Court must draw all reasonable inferences in favor of the Plaintiff, the Court must conclude that Plaintiff is asserting claims under those portions of the Texas Insurance Code which are so clear as to obviate the need for expert testimony.

insurance providers. In its reply, however, Great Lakes clarifies that it "does not take the position that juries are incapable of determining whether an insurer has breached the duty of good faith in all cases; rather, Great Lakes argues that, in this case, a jury would be better able to make such a determination (and more accurately so) in conjunction with the testimony of an expert witness." (Doc. No. 16, ¶ 5.) The Court understands Defendant's argument to be that, while experts are not always needed to assist juries in determining whether the duty of good faith and fair dealing was breached, an expert is necessary in this case because of the complexity of the issues involved. Defendant submits no summary judgment evidence to support its unsubstantiated assertions regarding this purported complexity.[5]

Finally, the Court distinguishes a state court case cited by Defendant in which the court held that "it was not error for the trial court to permit [an expert] to testify as to his interpretation of the [insurance] policy," as the trial court had concluded "that the insurance policy [was] ambiguous as a matter of law." *Royal Maccabees Life Ins. Co. v. James*, 146 S.W.3d 340, 353-54 (Tex. App.-Dallas 2005, pet. denied). Defendant's citation to this case is curious for two reasons.

---

[5] Defendant does not reference these complexities in its motion. They are mentioned only in the reply, which states, in relevant part:

> The facts surrounding the claim handling and the efforts to obtain additional information and claim support from Plaintiff are convoluted and complicated due to the technical nature of interpreting the insurance policy to determine what is and what is not covered and whether Plaintiff has complied with its duty to cooperate and provide claim support. Contrary to Plaintiffs unfounded assertion, the analysis of those detailed facts and the determination of whether both parties' efforts fit within the policy terms and Texas law are not the straightforward simple decisions that can be made without the assistance of an expert. Indeed, such issues of the cause of the alleged damage, whether such damage is covered, whether the insurer was reasonable in its handling of the claim, whether the insured complied with its duties under the policy, and whether the parties actions complied with the policy and Texas law in this commercial policy claim fall within the spectrum of the type of alleged claims handling violations delineated in Chapters 541 and 542 of the Texas Insurance Code.

(Doc. No. 16, ¶ 5.)

First, that expert testimony regarding an ambiguous insurance policy is *permissible* does not warrant the inference, drawn by Defendant, that it is *necessary*.[6] Indeed, *Royal Maccabees* implies that expert testimony is *not* necessary – the state court's consideration of whether expert testimony was permissible would make no sense if such testimony were required. Second, even if such meaning could be drawn from *Royal Maccabees*, it would be impossible to do so here, as the Court has been provided nothing beyond Defendant's bare assertions to suggest that the insurance policy at issue is complex or ambiguous. As to Plaintiff's claims for breach of the duty of good faith and fair dealing, Defendant's Motion for Partial Summary Judgment must be denied.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 3rd day of November, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[6] One of Defendant's own sources (and perhaps its strongest source for the conclusion that expert testimony is important in bad faith insurance cases) states that, "from a bad faith claimant's perspective, an insurance industry expert witness is *almost* mandatory." Timothy J. Muldowney & Robert A Zupkus, *Bad Faith Claims: The Role of the Expert*, 62 Def. Couns. J.. 226, 233 (1997) (emphasis added). Even were the Court to agree entirely with Defendant's source, the "almost mandatory" nature of expert testimony would not warrant summary judgment at this stage.